IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ALLEN KELSO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | 2:21-CV-172-Z-BR |
| § | |
| JOHN R. ARCHER INVESTMENTS, INC. § | |
| and THE LEGACY COLLECTION LLC, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS
DEFENDANT JOHN R. ARCHER INVESTMENTS, INC. WITHOUT PREJUDICE**

This case was referred to the undersigned United States Magistrate Judge for pretrial management under 28 U.S.C. § 636(b) and a Standing Order of Reference from United States District Judge Matthew J. Kacsmaryk. (ECF 9). For the reasons discussed below, the undersigned recommends that the District Judge dismiss this action only as to Defendant John R. Archer Investments, Inc. ("Archer Investments") without prejudice.

**I.   PROCEDURAL HISTORY**

Plaintiff Allen Kelso filed a Complaint against Archers Investments on September 1, 2021. (ECF 1). On December 13, 2021, the Court entered an Order to Effect Service or Show Good Cause. (ECF 10). By that Order, the Court ordered Plaintiff to effect service on Archer Investments or, alternatively, file an advisory demonstrating good cause for his failure or inability to effect service on Archer Investments. (*Id.* at 1–2). On December 21, 2021, Plaintiff filed an Advisory to the Court Regarding Service, in which he stated that he attempted to serve Defendant's registered agent but was unsuccessful, because he determined that the registered agent is deceased. (ECF 11 at 1). Plaintiff then "respectfully ask[ed] the Court for an additional 60 days, in order to amend the

Complaint to name THE LEGACY COLLECTION as a new party-Defendant and to effect service of process[.]" (*Id.* at 2).

Construing Plaintiff's Advisory as a motion to extend the deadline to effect service, the Court granted the request. (ECF 12 at 1). The Court ordered Plaintiff to "file proof of service on any and all defendants named in his amended complaint on or before **February 21, 2022,** or, alternatively, [to] file an Advisory by **February 21, 2022** demonstrating good cause for his failure or inability to effect service on the defendant(s)." (*Id.* at 1). The Court also "warned [Plaintiff] that if he fail[ed] to effect service on the defendant(s), the Court [did] not receive an Advisory, or the Advisory fail[ed] to demonstrate good cause, the undersigned may recommend to the United States District Judge that he dismiss this action without prejudice by authority of Rule 4(m) of the Federal Rules of Civil Procedure." (*Id.* at 1–2).

On February 22, 2022, Plaintiff filed a First-Amended Complaint, which added claims against a new defendant, The Legacy Collection LLC. (ECF 13). On the same day, Plaintiff filed an Advisory to the Court Regarding Service. (ECF 14). That second advisory did not provide any update as to service attempts on Archer Investments. (*See id.* at 1). However, Plaintiff asked "for an additional 60 days, in order to effect service of process upon this new party-Defendant THE LEGACY COLLECTION LLC[.]" (*Id.* at 1–2). On March 3, 2022, Plaintiff filed a return of summons, which states that The Legacy Collection LLC was served[1] on March 1, 2022. (ECF 17).

## II.   LEGAL STANDARD

When service is not made on a defendant within 90 days after the filing of the complaint, the court may, after notice to the plaintiff, dismiss the action as to that defendant without prejudice or order the plaintiff to effect service within a specific time. Fed. R. Civ. P. 4(m).

---

[1] The Court has not evaluated whether service on The Legacy Collection LLC was properly made.

2

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018); *see* Fed. R. Civ. P. 41(b). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985).

### III.   ANALYSIS

Plaintiff did not effect service on Archer Investments within 90 days after the filing of his Complaint. (*See* ECF 1; ECF 10 at 1). Plaintiff's first Advisory stated that Plaintiff attempted to serve the registered agent of Archer Investments by certified mail, which was unsuccessful, and then by personal service, at which time Plaintiff discovered that the registered agent is deceased. (ECF 11 at 1). Based on this information, the Court extended Plaintiff's deadline to effect service on Archer Investments or file a second advisory demonstrating good cause for Plaintiff's failure or inability to effect service to February 21, 2022. (ECF 12 at 1). However, Plaintiff's second Advisory provided no information or update as to his attempts to serve Archer Investments—and, as such, Plaintiff wholly failed to demonstrate good cause for his failure or inability to effect service on Archer Investments. (*See* ECF 14 at 1–2). Finally, there is still no indication at the time of filing this Findings, Conclusions, and Recommendation that Plaintiff has effected service on Archer Investments, and over six months have passed since Plaintiff filed his Complaint.

### IV.   RECOMMENDATION

For the above reasons, the undersigned recommends that the District Judge dismiss this action only as to Defendant John R. Archer Investments, Inc. without prejudice under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

## V.     INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 10, 2022.

                                                                                  LEE ANN RENO
                                                                                   UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).